PER CURIAM.
We are presented with two appeals from the Juvenile and Domestic Relations Court of Dade County. These appeals have been consolidated for argument and will be dealt with in this opinion. The previous history of this litigation need not be repeated but may be found at Butler v. Butler, Fla.App., 132 So.2d 437.
The first appeal challenges an order of the Juvenile and Domestic Relations Court finding that the children involved are dependent children within the meaning of § 39.01, Fla.Stat., F.S.A. Appellant urges that such a finding is impossible because it appears from the record that the mother, who has custody of the children, has some means of her own. This question may be disposed of upon the basis of the language of the statute itself which clearly encompasses conditions other than financial necessity for public welfare.
The second order appealed is one which found that the welfare of the children required a modification of a provision of the final decree requiring the children to be “raised and educated” in the Roman Catholic faith and attend Roman Catholic schools. This provision in the final decree was based upon a settlement agreement between the parties to the divorce proceeding. Upon the previous appearance we held that the chancellor was in error when he changed this provision in the final decree because the only showing made was that it was difficult and inconvenient to comply with the provision. It now appears from the finding, which is supported by the evidence in the record, that the welfare of the children is affected. The judgment of the trial judge will not be overturned in the absence of a clear showing of error.
The orders appealed are each affirmed.
Affirmed.