PER CURIAM.
The appellant, Russell T. O’Brien, is the father of a 14 year old daughter. He filed in this Court a petition in proper person on October 1, 1963, in which he alleged that his daughter refused to obey him and that she belligerently indicated she would continue to do so; whereupon she left his home and was placed in Youth Hall by the Juvenile and Domestic Relations Court of Dade' County. He prayed for a writ of habeas corpus.
The request for relief in the nature of habeas corpus was denied and the court proceeded with the cause as though the petition were a notice of appeal pursuant to § 39.14, Fla.Stat., F.S.A.
We take the following excerpt from one of the several papers filed by appellant to state the substance of his appeal :
“My specific appeal is concerned with the authority of Judge Culbreath to determine a child dependent. She has a home, has never been neglected in any way, and is not subject to any vile influences. I believe that the determination to place her as a dependent child in the absence of these factors was error, and, in my attached brief, I will explain why.”
The record reveals that on August 7, 1962, a petition was filed in the Juvenile and Domestic Relations Court by an assistant probation officer alleging that the daughter and an older brother were dependent in that they are without proper parental care and supervision. After hearing on August 9, 1962, the daughter was adjudged dependent within the meaning of Chapter 39, Fla.Stat., F.S.A. but discharged to the father’s custody.
In an order filed August 27, 1962, it was found that the father had refused to accept the child back in the home and she was assigned to Youth Hall. During the next several months the child was many times before the court and was assigned to various *221 foster homes. On several occasions the foster parents reported that they could not handle the child.
The last order prior to the notice of appeal places the child in a foster home under the supervision of the court.
 It immediately appears that this appeal is far too late to challenge the court’s order of August 9, 1962, which found the child dependent within the meaning of Chapter 39, Fla.Stat., F.S.A. Nevertheless, we find from an examination of the file that said order was within the purview of that Chapter. See In the Interest of W.S.B., Fla.App.1963, 157 So.2d 548.
Affirmed.