CROSS, Judge.
Appellant, S.L.M., a child, appeals an order withholding adjudication of delinquency and detaining appellant pending disposi-tional hearing.
On March 26, 1975, a complaint was filed with the intake office of the Florida Department of Health and Rehabilitative Services, Division of Youth Services, alleging that appellant stole a bicycle. After *392 reviewing the matters alleged in the complaint, the intake officer filed a recommendation with the state attorney that a delinquency petition be filed in the circuit court. On May 20, 1975 the state attorney, acting upon said recommendation, filed a petition in the circuit court alleging that appellant was a delinquent child.
Appellant thereafter moved to dismiss the petition on the ground that said petition was not filed in the circuit court within thirty days from the date the complaint was referred to the intake office. Said motion was denied by order of the circuit court. An adjudicatory hearing was held, after which the circuit court entered an order withholding adjudication of delinquency and detaining appellant pending disposi-tional hearing. It is from this order that appellant takes her appeal.
Appellant’s sole contention on appeal is that the circuit court erred in denying her motion to dismiss.
Section 39.05(7), Florida Statutes 1975, provides:
“On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 30 days from the date the complaint was referred to the intake office.”
Rule 8.020(b)(5), Fla. RJP (1975), however, provides:
“On motions by or in behalf of a child, a petition alleging delinquency or need of supervision may be dismissed with prejudice if it is not filed within thirty days from the date the complaint was received by the Intake Officer.”
We recognize conflict exists between Section 39.05(7), Florida Statutes, and Rule 8.020(b)(5), Florida Rules of Juvenile Procedure.
Substantive law prescribes duties and rights under our system of government. It is enacted by the legislature. Procedural law concerns the means and method to apply and enforce those duties and rights, and in Florida is promulgated by the Florida Supreme Court.
In the instant case we determine Section 39.05(7), Florida Statutes, relating to filing of the petition, to be substantive law and therefore supersedes Rule 8.020(b)(5), Florida Rules of Juvenile Procedure.
Accordingly, the order entered by the circuit court withholding adjudication of delinquency and detaining appellant pending dis-positional hearing is reversed, and the cause is remanded with directions to discharge appellant.
Reversed and remanded, with directions.
DOWNEY and ALDERMAN, JJ., concur.