HATCHETT, Justice.
The following question was certified to the Second District Court of Appeal by the Circuit Court of Pinellas County:
*1019 Is dismissal with prejudice mandatory or discretionary when a petition alleging delinquency is not filed within 30 days from the date the complaint was received by the intake office or intake officer of the Division of Youth Services?
The Second District Court held that dismissal is discretionary. In the Interest of S. R., a child v. State, 336 So.2d 662 (Fla. 2d DCA 1976). That decision directly conflicts with Interest of S. L. M., 336 So.2d 391 (Fla. 4th DCA 1976). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution. We hold that dismissal is mandatory.
On February 27, 1976, S. R., a child, was taken into custody by the St. Petersburg Police Department and referred to the Division of Youth Services on three charges: obscene language, resisting arrest with violence, and obstructing and opposing an officer. The Division of Youth Services received the complaint February 28, 1976. On April 9, 1976, 41 days later, the State Attorney filed three petitions alleging delinquency. The child’s attorney filed a motion to dismiss pursuant to Section 39.05(7), Florida Statutes (1975), which reads:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 30 days from the date the complaint was referred to the intake office. (Emphasis supplied).
The state opposed the motion relying on Florida Rules of Juvenile Procedure 8.020 which reads:
On motions by or in behalf of a child, a petition alleging delinquency or need of supervision may be dismissed with prejudice if it was not filed within 30 days from the date the complaint was received by the Intake officer.
(Emphasis supplied).
The language of the above-quoted statute is essentially identical to that of the rule. The difference lies in the use of the words “shall” and “may.” The Second District Court of Appeal determined that the statute is a grant of authority and that its language is discretionary. We do not agree. Although there is no fixed construction of the word “shall,” it is normally meant to be mandatory in nature. Neal v. Bryant, 149 So.2d 529 (Fla.1962). Its interpretation depends upon the context in which it is found and upon the intent of the legislature as expressed in the statute. White v. Means, 280 So.2d 20 (Fla. 1st DCA 1973). By enactment of Section 39.05(7), Florida Statutes (1975), the legislature provided that a juvenile shall be free from further prosecution if a petition alleging delinquency is not filed within 30 days after a complaint is received by the intake office of the Division of Youth Services. The statute further provides that an untimely petition shall be dismissed with prejudice. We can think of no better example of a mandatory requirement.
The Second District Court of Appeal also held that Section 39.05(7), Florida Statutes (1975), is procedural in nature and therefore subject to the rules promulgated by this Court. Again, we disagree. Section 39.05(7), Florida Statutes (1975), provides a juvenile with a substantive right and substantive statutes supersede procedural rules, State v. Garcia, 229 So.2d 236 (Fla.1969). We therefore hold that dismissal with prejudice is mandatory when a petition alleging delinquency is filed more than 30 days after a complaint is received by the intake office of the Division of Youth Services.
Accordingly, the decision of the Second District Court of Appeal is quashed, and this matter is remanded for action consistent with this opinion.
OVERTON, C. J., and ENGLAND and KARL, JJ., concur.
BOYD, J., dissents.