345 So.2d 871 (1977)
In the Interest of J.W.H.
J.H.N., and T.A.B., Children, Appellants,
v.
STATE of Florida, Appellee.
No. EE-72.
District Court of Appeal of Florida, First District.
May 18, 1977.
Michael J. Minerva, Public Defender, and David J. Busch, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
RAWLS, Judge.
The primary issue involved in this appeal is whether the trial court erred in denying appellant-juveniles' motions for discharge. We are here confronted with whether the legislative intent of the word "shall" in Section 39.03(2), Florida Statutes, is mandatory or directory.
J.W.H. and T.A.B. were arrested on April 17, 1976, and J.H.N. was arrested on April 27, 1976. The complaints were received by the Division of Youth Services intake officer on August 2, 1976, and petitions were filed in the Circuit Court of Wakulla County on August 19 and August 20, 1976.
On October 5, 1976, appellants filed motions for discharge alleging, primarily, that they had been denied their rights to speedy trial. The trial court denied their motions for discharge, and subsequently appellants entered pleas of nolo contendere specifically reserving their right to appeal. The trial court adjudged appellants to be delinquent and placed them on probation under the supervision of the Division of Youth Services for an indefinite period.
Appellants contend that when Section 39.03(2), Florida Statutes, is read in pari materia with Fla.R.Juv.P. 8.120, they were entitled, upon the facts of this case, to be discharged from Division of Youth Services supervision. We agree and reverse.
Section 39.03(2), Florida Statutes, provides, in pertinent part, that "the person *872 taking the child into custody shall, within three days, make a full written report to the appropriate officer, stating the facts by reason of which the child was taken into custody" (emphasis supplied). Florida Rule of Juvenile Procedure 8.120 provides that a juvenile case must be brought to trial within 90 days of the day a complaint is filed with the Division of Youth Services intake officer.
The state contends that the three-day requirement as provided in Section 39.03(2), Florida Statutes, is merely a direction in procedure and that a technical violation does not affect any substantial rights of a juvenile.
In the recent Florida Supreme Court opinion of S.R., a child v. State, Fla., 346 So.2d 1018, 1977, the court held that "shall" as contained in Section 39.05(7) is mandatory and thus a petition alleging delinquency must be dismissed with prejudice if it is not filed within 30 days from the date the complaint was received by the Division of Youth Services intake officer.
Juveniles have certain rights, one of which is speedy trial.[1] In the instant case, appellants were arrested in April, 1976; however, the complaints were not received by the intake officer until August, 1976. We hold that the three-day requirement of Section 39.03(2) is mandatory, and the state cannot circumvent the provisions of that section and the 90-day speedy trial rule (Fla.R.Juv.P. 8.120) by waiting an indefinite period of time before filing a complaint with the Division of Youth Services intake officer. The trial court erred in not granting appellants' motions for discharge.
REVERSED.
BOYER, C.J., and SMITH, J., concur.
NOTES
[1] In State v. Benton, 337 So.2d 797 (Fla. 1976), the Supreme Court held that when a juvenile is certified as an adult, the 180-day speedy trial rule (Fla.R.Crim.P. 3.191) runs from the date the juvenile is taken into custody.