ALDERMAN, Judge.
A juvenile, found guilty of attempted larceny, appeals an adjudication of delinquency. Two points have been raised and considered by the court, but only one, involving Section 39.03(2), Florida Statutes (1975), merits discussion.
The juvenile contends that the trial court erred in not dismissing the delinquency petition against him because the written report required by Section 39.03(2) was not timely filed. The relevant portion of the statute provides:
The person taking the child into custody shall, within 3 days, make a full written report to the appropriate intake officer, stating the facts by reason of which the child was taken into custody. The report shall:
(a) Identify the child, his parents, and the person to whom he was released.
(b) Contain sufficient information' to establish the jurisdiction of the court and to support a finding by the court that the child is delinquent or dependent. (Emphasis supplied.)
The written report in this case was filed seven days after the child was taken into custody. We find no reversible error and affirm.
The requirement of a written report within three days is a procedural step and not a substantive right. Without a showing of prejudice to the juvenile, noncompliance does not require reversal. Compare In the Interest of A. J. A., 248 So.2d 690 (Fla.3d DCA 1971), and Roberts v. State, 285 So.2d 385 (Fla. 1973), involving suppression of confessions obtained from juveniles in custody in violation of Section 39.03(3). In this case appellant has shown no prejudice resulting from the untimely filing of the written report.
This portion of Section 39.03(2) is distinguishable from Section 39.05(7), Florida Statutes (1975), which provides:
*76 On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 30 days from the date the complaint was referred to the intake office.
The Legislature by Section 39.05(7) granted to every juvenile the right to be discharged from a delinquency petition not filed within thirty days from the date the complaint is referred to the intake office. The right of dismissal under Section 39.05(7) is a substantive right. In the Interest of S. L. M., 336 So.2d 391 (Fla.4th DCA 1976). No similar right of dismissal is granted in relation to the requirement of Section 39.03(2).
In this case it has not been shown that the juvenile suffered any prejudice as a result of the delay in filing the written report with the intake office. No other error having been shown, the adjudication of delinquency is affirmed.[1]
AFFIRMED.
MAGER, C. J., and ANSTEAD, J., concur.

. We have not overlooked the recent opinion from the First District, In re J. W. H., 345 So.2d 871 (Fla. 1st DCA opinion filed May 18, 1977). That case is distinguishable because there the child was prejudiced by the delay in filing the written report as provided in Section 39.03(2).