SMITH, Judge.
An appeal from a judgment of conviction entered on a plea of guilty to possession of more than five grams of marijuana. Appellant, a juvenile, complains of the hearsay character of the evidence adduced against him in the circuit court waiver hearing which resulted in an order transferring appellant for this criminal prosecu *1143 tion. Section 39.09(2), Florida Statutes (1975). The State urges that the asserted error was waived by appellant’s failure to appeal from the transfer order within 30 days. Section 39.14(1), Florida Statutes (1975); O’Brien v. Juvenile & Dom. Rel. Court of Dade Co., 161 So.2d 220 (Fla.3d DCA 1964) (involving a dependency adjudication). But a transfer order such as this contemplates further prosecution and is interlocutory. We need not decide whether the appeal apparently afforded from such an order by Section 39.14(1) is one of which we have jurisdiction, notwithstanding the absence of constitutional and rule provisions granting this court jurisdiction; but we do hold that any error in the antecedent juvenile proceedings may be complained of on proper appeal from an ensuing judgment of conviction. Here, however, appellant’s plea of guilty waived reliance on any such error. Williams v. State, 259 So.2d 753 (Fla.1st DCA 1972). There was no error in the trial court’s refusal to permit withdrawal of the guilty plea on account of the asserted ineffective assistance of counsel.
AFFIRMED.
MILLS, Acting C. J., and ERVIN, J., concur.