PER CURIAM.
On an adjudication hearing the appellant juvenile was determined to be delinquent, based on a petition for delinquency, charging him with stealing a school bus.
Appealing therefrom he contends the court erred in denying his motion to dismiss the petition on the ground that he was not brought to trial or adjudication hearing within the time required by the applicable speedy trial rule. We find merit in that contention, and reverse.
The appellant, who for convenience will be referred to as the defendant, was taken into custody on April 29, 1977. A written report, required to be made to the intake officer within three days after he was taken into custody, was not made until May 23, 1977, twenty-four days after the arrest. The delinquency petition was filed June 22, 1977. Trial thereon was set for August-17, 1977. At that time, on motion of the State, over objection of defendant, the trial or adjudication hearing was continued until August 22, 1977. On August 18, 1977 defendant moved for discharge. Defendant was entitled to be brought to trial within 93 days after arrest, on the basis of Section 39.03(2), Florida Statutes (1975), and Fla.R. Juv.P. 8.180. It was so held in the case of J. W. H. v. State, 345 So.2d 871 (Fla. 1st DCA 1977), on the authority of which the judgment appealed from is reversed, and the cause remanded with directions to dismiss the delinquency petition.