SUNDBERG, Justice.
These consolidated petitions for writ of certiorari are before this Court to review two decisions of the District Court of Appeal, Fourth District,[1] which are alleged to be in direct conflict with In the Interest of J.W.H., et a1. v. State, 345 So.2d 871 (Fla. 1st DCA 1977). We exercise our discretionary review pursuant to Article V, Section 3(b)(3), Florida Constitution.
In the Interest of R.P.C. v. State, supra, involved a minor who was charged by Petition Seeking Adjudication of Delinquency with attempted larceny, was found delinquent, and was ordered committed to Florida Youth Services by the trial court. Petitioner filed a motion to dismiss with prejudice, alleging that since no written report on petitioner was filed until seven days after he was taken into custody, the State failed to comply with Section 39.03(2), Florida Statutes (1975), which provides in pertinent part:
The person taking the child into custody shall, within 3 days, make a full written report to the appropriate intake officer, stating the facts by reason of which the child was taken into custody. The report shall:
(a) Identify the child, his parents, and the person to whom he was released.
(b) Contain sufficient information to establish the jurisdiction of the court and to support a finding by the court that the child is delinquent or dependent.[2]
The trial court denied the motion to dismiss, and on appeal, the District Court of Appeal, Fourth District, affirmed, holding that *26 “[t]he requirement of a written report within three days is a procedural step and not a substantive right,” and that “[w]ithout a showing of prejudice to the juvenile, noncompliance does not require reversal."
In the other case which we review today, In the Interest of G.L.T., Jr. v. State, supra, petitioner, a minor, was charged with three counts of burglary. Petitioner filed a motion to dismiss alleging noncompliance with Section 39.03(2) in that six days had elapsed between the time he had been taken into custody and the time the report was filed. The juvenile court denied the motion to dismiss. Petitioner’s case was subsequently certified for transfer to the circuit court, where he pleaded nolo contendere to one count of burglary, was adjudicated guilty, and sentenced to two years imprisonment. On appeal, the District Court of Appeal, Fourth District, affirmed per curiam on the authority of its decision in In the Interest of R.P.C., supra, with one judge dissenting on the ground that the three-day report requirement was mandatory.
The issue before this Court then is whether the three-day time period requirement contained in Section 39.03(2), Florida Statutes (1975), is a substantive right entitling petitioners to automatic dismissal of their delinquency petitions for noncompliance therewith or whether the statutory provision is merely a procedural step in which event noncompliance does not mandate reversal absent a showing of prejudice to the juvenile.[3]
The competing philosophies as to whether the three-day requirement is a “substantive right” or “procedural step” are ably articulated by the opinion of the District Court of Appeal, Fourth District, in In the Interest of R.P.C. v. State, supra, and by that of the District Court of Appeal, First District, in In the Interest of J.W.H. v. State, supra. We adopt herein as the view of this Court the rationale of the District Court of Appeal, Fourth District, i. e., that the requirement of a written report within three days is a procedural step. Consequently, noncompliance does not require reversal without a showing of prejudice to the juvenile. We do not hereby conclude that the term “shall” contained in Section 39.03(2), Florida Statutes (1975), is not mandatory. We merely hold that violation of the directive of the statute can constitute harmless procedural error in the absence of demonstrated prejudice.
Accordingly, the decisions of the District Court of Appeal, Fourth District, are approved.
It is so ordered.
ENGLAND, C. J., and OVERTON and HATCHETT, JJ., concur.
ADKINS, J., dissents.

. In the Interest of G. L. T., Jr. v. State, 352 So.2d 79 (Fla. 4th DCA 1977); In the Interest of R. P. C. v. State, 352 So.2d 75 (Fla. 4th DCA 1977).

. It should be noted that § 39.03, Fla.Stat. (1975), was substantially revised by Ch. 78-414, § 5, Laws of Fla.

. It should be made clear that we do not use the terms “substantive” and “procedural” in the context of Art. V, § 2(a), Fla.Const. We deal here not with rules of practice and procedure which are the sole province of this Court pursuant to the cited constitutional provision. Instead we deal only with construction of a statutory provision related to the duty of one who takes a juvenile into custody to make a report to an intake officer.