PER CURIAM.
In these consolidated appeals, the State of Florida seeks review of two orders dismissing delinquency petitions against G.D.C. and J.L.M. as untimely filed.
The undisputed facts are as follows:
J.L.M. was taken into custody on March 20, 1978, an arrest affidavit was filed with the intake officer on April 6 and a delinquency petition (for assault with a deadly weapon) was filed on May 1.
G.D.C. was taken into custody on July 27, 1978, an arrest affidavit was filed with the intake officer on August 15 and a petition for delinquency (for unlawful entry and theft) was filed on September 1.
J.L.M. and G.D.C. moved to dismiss their respective petitions for violation of the 30 day rule in Section 39.05(7), Florida Statutes (1977):
*515 “(7) On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 30 days from the date the complaint was referred to the intake office.”
After hearing the motions, the juvenile court dismissed the delinquency petitions on the ground that if the arrest affidavits had been filed with the intake officer within 3 days of the respective dates the juvenile respondents had been taken into custody as required by Section 39.03(2), Florida Statutes (1977),[1] they would still have been entitled to dismissal under Section 39.05(7), Florida Statutes (1977). We affirm.
Our Supreme Court in S. R. v. State, 346 So.2d 1018 (Fla.1977) held that Section 39.-05(7), Florida Statutes (1975)[2] requiring dismissal with prejudice if a petition alleging delinquency is not filed within 30 days after a complaint is received by the intake officer provides a juvenile with a substantive right. The requirement that a written report is to be filed with the intake office within 3 days of the date of a juvenile’s arrest, however, has been determined to be procedural and absent a showing of prejudice, the noncompliance would not dictate automatic dismissal. G. L. T., Jr. v. State, 366 So.2d 25 (Fla.1978).
The failure of the State to timely file the written report with the intake officer[3] in the instant cases resulted in the delinquency petitions being filed 36 days after the arrest of G.D.C. and 42 days after the arrest of J.L.M. Reading Section 39.03(2) and 39.05(7), Florida Statutes (1977) as a whole, a petition for delinquency should not be filed later than 33 days after a juvenile is taken into custody. We therefore, conclude that the substantive right of G.D.C. and J.L.M. under Section 39.05(7), Florida Statutes (1977) was violated when the respective petitions were filed in excess of 33 days after their arrests and the petitions were properly dismissed. Cf. A. W. v. State, 358 So.2d 71 (Fla.3d DCA 1978).
Affirmed.

.“Within 3 days of the time the child is taken into custody, a supplemental report containing sufficient information to establish the jurisdiction of the court and to support a finding by the court that the child is delinquent or dependent shall be submitted to the appropriate intake officer.”

. Same as the current statute.

. 19 days after the arrest of G.D.C. and 17 days after the arrest of J.L.M.