391 So.2d 720 (1980)
G.A., a Juvenile, Appellant,
v.
STATE of Florida, Appellee.
No. OO-475.
District Court of Appeal of Florida, First District.
December 19, 1980.
*721 Gilbert A. Schaffnit, Asst. Public Defender, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM.
G.A., a juvenile, appeals from the juvenile court's order waiving its jurisdiction and certifying him for trial as an adult. He urges, among other points, that the petition for delinquency should be dismissed because it was untimely filed.
Before reaching the issues raised by G.A., we must first address the jurisdictional issue brought to the fore by the Fifth District Court of Appeal's recent ruling that orders from waiver hearings are interlocutory and therefore not reviewable under Fla.R.App.P. 9.140(b) (1978). In Interest of R.J.B., 394 So.2d 126 (Fla. 5th DCA 1980).
We agree with the Fifth DCA that such orders are interlocutory in nature. Mitchell v. State, 351 So.2d 1142 (Fla. 1st DCA 1977). However, we think these appeals are governed by Florida Rules of Juvenile Procedure (1977) and Sections 39.09(2)(e) and 39.14(1), Fla.Stats. (1978 Supp.), rather than by Fla.R.App.P. 9.140(b). See Malyn v. Atlantic Federal Savings and Loan Association, 384 So.2d 957 (Fla. 1st DCA 1980); Fidelity and Casualty Co. of N.Y. v. Scott, 386 So.2d 315 (Fla. 1st DCA 1980).
Section 39.09(2)(e) provides that a waiver order shall be reviewable pursuant to Section 39.14, Fla. Stat., and the Florida Rules of Appellate Procedure. Section 39.14(1), Fla. Stat., states:
Any child, and any parent or legal custodian of any child, affected by an order of the court may appeal to the appropriate district court of appeal within the time and manner prescribed by the Florida Appellate Rules.
These statutes evidence a legislative policy in favor of allowing appeals from waiver orders in the time and manner set out in Florida Rules of Appellate Procedure i.e. *722 by filing a notice of appeal within 30 days of the date of the order. Fla.R.App.P. 9.140(b). We recognize that this legislative declaration cannot create a right to interlocutory review unless approved by the Supreme Court, State v. Smith, 260 So.2d 489 (Fla. 1972), but we find such approval in the order adopting the 1977 Florida Rules of Juvenile Procedure, The Florida Bar, Re: Florida Rules of Juvenile Procedure, 345 So.2d 655 (Fla. 1977), and in Rule 8.220(f) of those rules. In that order, the court states: "[S]tatutes not superseded shall remain in effect as rules promulgated by the Supreme Court." Id. at 655. The Florida Rules of Juvenile Procedure do not indicate that the above statutes were superseded.
Florida Rules of Juvenile Procedure, Rule 8.220(f) states:
After a hearing at which a judge enters an order waiving jurisdiction and certifying a child for trial as an adult, adjudicating a child delinquent, dependent, or ungovernable, or a disposition order, he shall forthwith inform the child, his parents or custodians concerning the right of appeal therefrom, including the time allowed by law for taking an appeal.
If this rule does not contemplate the taking of an appeal from orders waiving jurisdiction, the language is meaningless. The rules of construction applicable to statutes also apply to the construction of rules. Syndicate Properties, Inc. v. Hotel Floridan Company, 94 Fla. 899, 114 So. 441 (1927); Bryan v. State, 94 Fla. 909, 114 So. 773 (1927). We may not presume that the Supreme Court has promulgated a rule which is purposeless or useless. Dickinson v. Davis, 224 So.2d 262 (Fla. 1969), Department of Revenue v. Merritt Square Corp., 334 So.2d 351 (Fla. 1st DCA 1976). The rule lists several orders which are final orders of the juvenile court; although as recognized in Mitchell, supra, a waiver order contemplates further court proceedings, it also is final as regards the juvenile process. By inclusion of orders waiving jurisdiction with these other orders, we think the Court has created the right to appeal from waiver orders before the juvenile is transferred into the criminal justice system.
To interpose an appeal immediately prior to the juvenile's entry into the criminal justice system is consistent with the expressed state policy of treating juvenile offenders differently than adult offenders. The emphasis for juvenile offenders is on rehabilitation and restitution rather than on fixing criminal responsibility, guilt and punishment. Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); Section 39.001(2), Fla. Stat. (1978 Supp.). The legislature and the Supreme Court have recognized that in order to effectuate this policy and insure that a juvenile is properly being transferred into the main stream of the criminal justice system, it is necessary to allow an interlocutory appeal at this time.
The Fifth DCA relies, in part, on the committee notes to Fla.R.App.P. 9.140(b) (1978) which indicates that this rule is intended to supersede all other rules of practice and procedure. In our opinion, neither this committee comment, nor the similar language of Fla.R.App.P. 9.010 (1978), ["These rules shall supersede all conflicting rules and statutes."], indicates a clear intention to eliminate the right of appeal from waiver orders found in Fla.R.Juv.P. 8.220(f) (1977). An intention to supersede or repeal other court rules or statutes must be clearly expressed, Woodgate Development Corporation v. Hamilton Investors Trust, 351 So.2d 14 (Fla. 1977). Since committee rules are not binding, State ex rel. Evans v. Chappel, 308 So.2d 1 (Fla. 1975), we cannot construe the comment as expressing such an intention. Nor, considering the history of the appellate and the juvenile rules can we conclude that the Supreme Court intended the appellate rules to eliminate rights granted by the Florida Rules of Juvenile Procedure.
The above quoted language of Fla.R. App.P. 9.010 (1978) has been in existence, with minor modifications, since 1942.[1] *723 With knowledge of this language, the Supreme Court, in 1972, adopted Fla.R.Juv.P. 8.110(h) (1972), retained and renumbered 8.220(f) in the 1977 revision, see above. After the March 1977 revision of the Florida Rules of Juvenile Procedure effective July 1, 1977, the Supreme Court revised the Florida Rules of Appellate Procedure, adopted October 10, 1977, reconsidered December 22, 1977, effective March 1, 1978, carrying forward the phrase quoted above. Under these circumstances, we cannot conclude that the Supreme Court adopted Fla. R.Juv.P. 8.110(h) (1972) and retained it in 1977, 8.220(f) without intending that it be given full force and effect. Nor are we willing to conclude that the Supreme Court adopted Fla.R.Juv.P. 8.220(f) in March 1977 only to repeal it in October 1977 simply by retaining language extant since 1942.
We recognize this ruling directly conflicts with that of In The Interest of: R.J.B., supra and so certify for the purpose of compliance with the Fla.R.App.P. 9.030(a) (2)(A)(vi) (1980).
We now turn to the merits. On 12/24/78, G.A. shot and killed his mother. According to his statement, he fired the gun after loading it with what he thought was an empty shell. Investigator Ingram testified that when he arrived on the scene, Deputy Wallace had already given G.A. his Miranda warnings and that he, Ingram, did not repeat them. Ingram testified he questioned G.A. and obtained a statement, and that G.A. would not have been allowed to leave the premises had he attempted to do so. After the questioning was completed, G.A. was released to a family member.
Appellant contends that G.A. was taken into custody for purposes of activating the running of various rule and statutory time limits. On the facts of this case, we agree. Section 39.01(33), Fla. Stat., (1978 Supp.) defines "Taken into custody" as the
[S]tatus of a child immediately when temporary physical custody over the child is attained by a person authorized by law, pending the child's release, detention, placement, or other disposition as authorized by law. [e.s.]
The law enforcement officials exercised temporary physical custody over G.A. by detaining him for questioning in connection with his alleged commission of a delinquent act G.A. was given Miranda warnings and was not free to leave until the officers determined that he should be released to a family member.[2]
The investigating officers who detained G.A. and questioned him did not file a written juvenile complaint report (JCR) with the intake office within three days of 12/24/78 as required by Section 39.03(2), Fla. Stat., (1978 Supp.) Nor did any law enforcement agency file a sworn complaint with the clerk of the circuit court as required by Section 39.03(4)(a), Fla. Stat., (1978 Supp.) Instead, the state attorney immediately sought a grand jury indictment for murder in the first degree which, he has the authority to do, but which does not toll the time for filing the petition for delinquency. In re S.E.B., 365 So.2d 451 (Fla. 1st DCA 1979).
Under Fla.R.Juv.P. 8.110(e) (1977) a juvenile is entitled to release if the petition for delinquency is not filed within thirty[3] days of the date the JCR is referred to *724 the intake officer. The Supreme Court has ruled that this right of release is substantive and the petition for delinquency must be dismissed with prejudice if untimely filed. In The Interest of S.R. v. State, 346 So.2d 1018 (Fla. 1977). The three day rule, however, is procedural and absent a showing of prejudice, failure to timely file the JCR does not require dismissal. In The Interest of G.L.T., Jr. v. State, 366 So.2d 25 (Fla. 1978). The Third DCA, faced with this same question, analyzed the statutes and the case law and concluded that the juvenile's substantive rights are violated and he is entitled to relief if the petition for delinquency is not filed within 33 days of the date the juvenile is taken into custody. State v. G.D.C., 372 So.2d 514 (Fla. 3d DCA 1979). We agree with this analysis. Here, the JCR and the petition for delinquency were both filed on February 21, 1979, 59 days after G.A. was taken into custody, 26 days late.
We agree with the trial court that G.A. needs rehabilitation. However, under the law a juvenile is entitled to release if the petition for delinquency is not timely filed. We therefore, have no choice but to order that G.A. be discharged.
Because of our decision, it is not necessary to treat the other points raised by appellant.
Reversed and remanded with instructions to discharge the defendant.
MILLS, Chief Judge, and McCORD and THOMPSON, JJ., concur.
NOTES
[1] Supreme Court of Fla. Rules of Procedure, Rule 39, (1942); Supreme Court of Fla. Rules of Procedure, Rule 50, (1955); Fla.R.App.P. 1.4 (1962), Fla.R.App.P. 9.010 (1978).
[2] Compare In the Interest of R.L.J., 336 So.2d 132 (Fla. 1st DCA 1976). R.L.J. involved the custodial interrogation of a juvenile and the voluntariness of his confession elicited during that custody. In R.L.J. we also addressed the question of whether Chapter 39, Fla. Stat., (1976) prohibited all custodial interrogations of nonarrested juveniles and concluded that it did not. R.L.J. was decided under the 1976 statute however, which did not include the word "immediately" in defining "taken into custody". Since the legislature is presumed to know the prior existing law and the constructions placed on it, Dickinson v. Davis, 224 So.2d 262 (Fla. 1969), we must presume that the addition of "immediately" was intended to convey a meaning different from prior constructions. By the current definition of "taken into custody" we think the legislature intended that even temporary detention of juveniles would start the running of speedy trial and other time limits.
[3] Section 39.05(6) Fla. Stat., (1978 Supp.) provided for 45 days, and June 9, 1980, the rule was amended to conform to the statute. On July 1, 1980, the legislature amended the statute to start the 45 days running from the date the child was taken into custody. At the time of these proceedings, the 30 day rule was in effect and superseded the statute. P.L.H. v. Brownlee, 389 So.2d 649 (Fla. 5th DCA 1980). Here the difference is immaterial since the petition for delinquency was not filed within 30 days nor within 45 days.