PER CURIAM.
The issue before us is whether a petition for delinquency was untimely filed and therefore subject to dismissal. Finding that it was, we reverse the order which denied the motion to dismiss and remand the cause with directions to discharge the juvenile from custody.
The juvenile was arrested on November 11, 1979. However, the sworn complaint, required by Section 39.03(4)(a), Florida Statutes (1979), was not filed until December 4, 1979.[1] The petition for delinquency was filed within forty-five days from the date of the complaint as required by Section 39.05(6), Florida Statutes (1979) on January 8,1980. No motion was made to extend the time for filing of the petition as might have been made pursuant to Section 39.05(6), supra.[2] Reasoning that Sections 39.03(4)(a) and 39.05(6), supra, must be construed as a whole, the defendant moved for dismissal on the theory that the amount of time which had elapsed from the date of the juvenile’s arrest to the filing of the petition for delinquency exceeded the maximum aggregate time allowed by the cited sections construed together, i. e., fifty-two days.[3] The trial court denied the motion to dismiss and adjudicated the defendant on his nolo contendere plea from which this appeal has been pursued.
In construing the predecessor provision analogous to Section 39.05(6), supra, it has been settled that the timely filing of a petition for delinquency confers a substantive right. S. R. v. State, 346 So.2d 1018 (Fla.1977). In State v. G.D.C., 372 So.2d 514 (Fla. 3d DCA 1979), we determined that the predecessor provisions of the cited statutes should be construed as a whole so that a petition for delinquency filed beyond the aggregate time allotted under both provisions should be dismissed as untimely. As evidenced by the fact that G.D.C. was decided subsequent to that decision, we do not think that G.L.T., Jr. v. State, 366 So.2d 25 (Fla.1978) is contrary to this conclusion. While the supreme court held there that the predecessor to Section 39.03(4)(a) constituted only a procedural step in the juvenile process, non-compliance with which did not require reversal absent a showing of prejudice, G.L.T., Jr. apparently concerned only an immaterial delay[4] in the filing of the complaint, which did not also involve, as here and in G.D.C., an extension beyond the total time provided after arrest for the filing of the petition. In this situation, “prejudice,” in the sense of an adverse effect upon the respondent’s substantive rights, does indeed appear. See S. R. v. State, supra.[5]
For these reasons, we find G.D.C. controlling and consequently reverse and remand the adjudication of delinquency with directions to grant the motion to dismiss, and discharge the juvenile.

. If the juvenile has been released, the complaint shall be filed within seven days excluding Saturdays, Sundays, and legal holidays.

. “[T]he court may grant an extension of time not to exceed an additional 15 days upon such motion by the state attorney when, in the opinion of the court, such additional time is justified because of exceptional circumstances.”

. In the calculation of the fifty-two-day-period, Saturdays, Sundays, and holidays which occur between the time of arrest and before the petition for delinquency is filed are excluded when counting the first seven days.

. So far as the opinions of the supreme court and the fourth district in G. L. T., Jr. reveal, the petition may have been filed within a day or two after the sworn complaint, well within the total statutory time allotted.

. J. W. H. v. State, 345 So.2d 871 (Fla. 1st DCA . 1977), with which conflict was found in G. L. T., Jr., concerned only the interplay between the predecessor to Sec. 39.03(4)(a) and the procedural rights involved under the juvenile speedy trial rule, Fla.R.Juv.P. 8.120. It is thus also decisively distinguishable from G. D. C. and the case at bar.