PER CURIAM.
Appellant, a juvenile, challenges the trial court’s orders adjudicating him a delinquent child. Specifically, he argues that the state should not have been permitted to amend its delinquency petition after the expiration of the forty-five-day filing period. Because we find that the amendment corrected a clerical rather than a substantive error, we affirm the adjudications of delinquency.[1]
On December 31, 1990, the state filed a delinquency petition charging appellant with trespass of the John E. Ford Center, a school in-Duval County. On February 25, 1991, after the forty-five day filing period had expired,[2] the state filed an amended petition changing the name of thé school where the alleged trespass occurred to Sandalwood High School. Everything else in this amended petition remained the same, including the address of the school (2750 John Prom Boulevard) and the name of the owner of the trespassed property (the Duval County School Board). Appellant moved to dismiss the amended petition with prejudice, but pled nolo contendere to the charge when his motion was denied.
In M.F. v. State, 583 So.2d 1383, 1389 (Fla.1991), the supreme court recently held:
[T]he state may amend a timely-filed juvenile delinquency petition after the forty-five-day filing period has elapsed if the amendment, made prior to the adjudicatory hearing, is intended to merely correct a good faith clerical-type error and not to change the substantive allegation for other reasons.
(Emphasis added). In M.F., the court analyzed a number of cases in which the state sought to amend petitions by altering the victim’s name after the forty-five-day period had expired. The court drew a distinction between permissible amendments which merely corrected clerical inaccuracies in the name, and impermissible amendments which altered the petition’s substantive allegations by alleging a completely different crime or victim. In this latter category, the supreme court placed J.H. v. State, 424 So.2d 928 (Fla. 1st DCA 1983), which appellant argues is directly on point. In J.H., the initial petition alleged an aggravated battery committed against a William Klein. The actual victim, however, as reflected in the state’s amended petition, was David Klein, a “completely different person.” We refused to permit the amendment in J.H. and, in M.F., the supreme court seems to have agreed: “Assuming that the decision in J.H. turned on the fact that two different crimes had been alleged by naming the ‘wrong victim,’ we approve that decision.” M.F., supra at 1387.
Unlike J.H., the amended petition in the case sub judice addressed the exact same violation as that alleged in the initial petition. The address of the trespassed premises, as well as the name of the owners, remained the same; the only error was the misstated school name. In short, the de *1043 fendant was informed of the substantive allegations of this charge in the first petition and did not suffer any prejudice by the amendment correcting a clerical error. Accordingly, the adjudications of delinquency are AFFIRMED.
SHIVERS, ZEHMER and MINER, JJ., concur.

. This consolidated appeal challenges two related adjudications of delinquency. The initial adjudication, which is most relevant to the issue on appeal, was based upon appellant’s trespass of public school grounds. A second adjudication was based upon the trespass as a violation of appellant's community control. Because we find no infirmity in the initial adjudication, we are able to affirm the later one without elaboration.

. Section 39.048(6), Florida Statutes (Supp. 1990), provides:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it is not filed within 45 days after the date the child is taken into custody.
Amendment of the delinquency petition is not permitted where it would conflict with a juvenile’s substantive right to have an untimely petition dismissed with prejudice. S.R. v. State, 346 So.2d 1018 (Fla.1977).